Howes, Hyatt & Co., plaintiffs in error, *vs.* J. S. Chester & Co., defendants in error.

1. Pending an action in favor of citizens of New York, against citizens of Georgia, the war between the United States and the Confederate States came on, and the defendants interposed the plea, that the plaintiffs were *alien enemies*, and that the action should, therefore, be dismissed.   The facts of the plea being admitted, the Court dismissed the action: *Held*, that the Court did right.

An action on a promissory note.   In Whitfield Superior Court.   Decided by Judge Dawson A. Walker.   At the May Term, 1861.

On the 4th of October, 1859, Howes, Hyatt & Co., merchants, residing and doing business in the city and State of New York, brought suit in Whitfield Superior Court against J. S. Chester & Co., merchants, residing and transacting business in Whitfield county, and State of Georgia, to recover the sum due on a promissory note, executed by the defendants to plaintiffs, dated 28th February, 1858, and due eight months

after date, for $730 43, with several credits thereon, amounting to $440 00.

Pending the action, to wit : at the April Term, 1861, the defendants filed a plea, that the plaintiffs had become, and were, alien enemies, residing in, and owing and holding allegiance to, the United States of America, then at war with the Confederate States of America, in which the defendants resided, and to which they owed and held allegiance; and, therefore, the defendants prayed that the action be dismissed.

The facts being admitted, counsel for defendants moved to dismiss the action, which motion, after argument had, was sustained by the Court, and an order was passed, giving leave to sign up judgment against the plaintiffs for costs.

This decision is alleged to be erroneous, plaintiffs in error insisting that the action should not be dismissed, but stayed pending the war.

C. D. McCUTCHEN, for plaintiffs in error.

L. W. CROOK, contra.

By the Court—LUMPKIN, J., delivering the opinion.

This is a case at the instance of the citizens of New York, against the citizens of this State. The plaintiffs were not alien enemies at the time of the institution of suit, and have become alien enemies since. What disposition shall be made of the action ? Shall it be dismissed or continued on the docket? The authorities are scant and confused upon the question. Precedents, cited from Massachusetts, seem to hold that a continuance is the proper practice, though they maintain that some process has to be sued out and served on the defendant, by way of renewing the action at the termination of hostilities. This, we apprehend, would require legislation in Georgia. The English authorities are equally unsatisfactory. All maintain, however, that the proper plea to be filed in such cases, is a plea of puis darien continuance, to the disability of the plaintiff. In other words, a plea in abatement;

Edmonson *vs.* Union Bank of Tennessee.

and that the effect of the plea is to suspend, not to bar the plaintiff's remedy.

We ask, if this plea is sustained, does it not carry the case out of Court? Take any of the analogies of the law; for instance, a suit by a *feme sole*, who, during the pendency of the action, marries. If the husband refuse to join in the suit, and being an alien enemy, does not the action, however properly brought in the beginning, abate—that is, goes out of Court.

Upon the whole, we think that, upon authority and principle, the judgment of the Court below dismissing the writ, was right. It is for the Legislature to direct what disposition shall be made of this and similar cases, as well as to provide for the payment of the costs, if they see fit.

Let the judgment be affirmed.